The bill is defective in substance. It introduces the plaintiff as theonly child of Benjamin W. Williams, dec'd, who died seised and possessed of a very large real and personal estate, leaving him surviving the plaintiff, his only child, and his widow, who is one of the defendants. It suggests that it is alleged the father of the plaintiff left a will, but if such isthe fact and it is deemed material, the plaintiff holds the defendants tostrict proof thereof. It then avers that one Archibald McBride, who was the father of the widow, under pretence that there was a will in which he was named executor, and from which will the widow dissented, took possession of the whole estate, real and personal, and that by an exorbitant allowance to the widow for a year's provision, by an excessive dower, and by the fact that she was allowed (owing to an impression that in consequence of a large debt, the widow and child "would be left destitute, and that bids made for her *Page 81 
would ensure to the benefit of the child as well as herself), to buy many valuable negroes, furniture, c., c., at prices merely nominal, and by reason of this sacrifice of the personal estate, the defendant Chalmers, who had intermarried with the widow of the plaintiff's father, and who had in the County of Orange been appointed guardian for the plaintiff, (leaving the validity of the appointment an open question), was enabled to obtain a decree for the sale of the real estate, at which sale the defendant, Chalmers, purchased several tracts of land for inadequate prices; and by these actings and doings, the plaintiff, who is the only child of BenjaminW. Williams, finds that he is poor while his stepmother is rich." The object of this bill and the whole scope of it is, that he, in the character of the only child of his father, may have an account of his father's estate, so as to be informed what has become of it, and to have all the alleged abuses investigated and put right.
During the progress of the hearing, and in fact after the hearing was almost ended, it was suggested to the counsel for the plaintiff, Mr. Strange, that his bill was fatally defective in substance; for if there was a will, about which the plaintiff made a question, and held the defendants to strict proof, then the plaintiff was obliged to make title under the will as legatee or devisee; and if there was no will, the plaintiff had setout no title; that the bill was evidently framed on the (79) idea of charging McBride as Executor de son tort, but that such a fiction, although adopted in Courts of law to enable creditors
to get their rights, had never obtained in Courts of Equity in behalf of the next of kin; and that in fact the next of kin had no title except through an administrator, by force of the Statute of Distributions.
Mr. Strange, seeing that upon this view of the case, his bill would necessarily be dismissed, asked leave to amend; and if that should be against the course of the Court, then he asked that the cause might be remanded, to the end that the amendment might be made in the Court below — stating frankly, that in drafting the bill, and while piling up the circumstances of fraud, he on purpose left it as an open question, whether the father of his client died testate or intestate; and he suggested in support of his motion to amend, that the defendants averred in their answers that the plaintiff's father had left a will, and that all of the proofs were taken on that supposition.
I confess, that at first I was strongly inclined to allow the amendment to be made in this Court, although it would have entirely altered the frame of the bill, and introduced the plaintiff in a new character; for I could not see that it was worth *Page 82 
while to send the case back to the Court below, when it would, as a matter of course, be sent back again to us. But upon consulting Mr. Freeman, the very able and experienced clerk of our Court, who has been acting for upwards of twenty years, he stated that according to the practice of the Court, after a cause was opened on the hearing, no amendment in matter of substance had ever been allowed. The Court then called in aid the experience of the late Chief Justice RUFFIN. He fully supported Mr. Freeman, and stated, that according to the practice of the Court, after a cause is opened on the hearing, if there was a defect in a matter of substance, the bill was dismissed as a matter of course, but without prejudice — the plaintiff paying costs: that he never had known an amendment of the kind to be allowed, and he knew of but one case in which the Court had departed from the practice of dismissing the bill, and had allowed the plaintiff, not to amend here, but to have the cause remanded, in order to get the (80) amendment made below. He further stated that he opposed that infraction of the practice of the Court totisviribus, but the motion to remand was allowed, upon the plaintiff's paying all the costs, as in case the bill had been dismissed: And so we find the entry upon our record, Parker v. Leathers, December Term, 1846, to which he referred us.
I am not disposed to violate a practice which is thus shown to have been uniform since the organization of this Court, and voluntarily consent to allow the cause to be remanded, with a view of amendment below — thereby adding another case to that of Parker v. Leathers.
As there has never been an amendment in matter of substance allowed here, the Court will not depart from a fixed practice, and the motion to remand is allowed upon the very special circumstances, that all of the defendants aver that the father of the plaintiff left a last will which was duly admitted to probate — the settlements alleged were made with him in the character of legatee and devisee — and, in fact, all the proofs are taken upon that supposition. So that the defendants have aided the plaintiff, as far as they can in setting out his title; but according to the settled practice, a plaintiff must allege and set out a title for himself, and cannot rely on proofs or admissions. Proof without an allegation is no better than an allegation without proof.
PER CURIAM. Cause remanded, with costs.
Cited: Mallory v. Mallory, post, 84. *Page 83